# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 12 CV 167 |
| v. | ) ) | Judge Ruben Castillo |
| RINSP, LLC, a Nevada limited liability company, | ) ) ) ) | Magistrate Judge Arlander Keys |
| *Defendant*. | ) | |

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Arthur H. Bunte, Jr. (together with the Fund collectively referred to as "Central States"), and hereby submit their Motion for Entry of Judgment pursuant to this Court's minute order dated August 21, 2012. In support of this motion, Plaintiffs state as follows:

### BACKGROUND

1. Central States filed this action under the Employee Retirement Income Security Act of 1974, *as amended* by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1001 *et seq.*, and under Illinois' Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS 160/1 *et seq.*, to request relief against a transfer of certain real property from MCRI/Illinois, LLC ("MCRI") to Defendant RINSP, LLC ("RINSP").

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c), and 28 U.S.C. §§ 1331, 1332(a) and 1367.

## A. The Underlying Claim Against MCRI

3. In 2007, the Pension Fund filed suit against MCRI, and various other entities, in the Northern District of Illinois, Eastern Division, to collect a $167,265.16 withdrawal liability assessment. The case was styled *Central States, Southeast and Southwest Areas Pension Fund, et al. v. SCOF Holding Company, Inc., et al.*, Case No. 07 CV 5941 (N.D.Ill.)(Pallmeyer, J.)(the "Suit").

4. On October 12, 2010, the Pension Fund obtained a judgment in the Suit against MCRI (amongst others) in the amount of $377,190.76.[1]

## B. The Transfer of MCRI's Rock Island Property to RINSP

5. MCRI had little to no other assets other than real property located at 1136 2nd Street, Rock Island, Illinois (the "Rock Island Property").

6. After the Pension Fund obtained its judgment against MCRI, it was recorded against the Rock Island Property on October 25, 2010. (*Ex. A* - Recording Cover Page for the Rock Island Property.)

7. After the judgment was entered, post-judgment discovery revealed that during the pendency of the Suit, MCRI had transferred the Rock Island Property to RINSP via a Quit Claim Deed dated September 19, 2008 (the "Transfer"). No consideration was given to MCRI for the Transfer.

8. RINSP was formally organized under the laws of the State of Nevada on October 16, 2008. Information has revealed that at the time of the Transfer, both MCRI and

---

[1] The judgment against MCRI was affirmed by the Seventh Circuit. *See Cent. States, Se. & Sw. Areas Pension Fund v. SCOFBP, LLC*, 668 F.3d 873 (7th Cir. 2011).

RINSP were owned by the MLC Family Trust VIII (the "MLC Trust") and that Michael L. Cappy ("Cappy") was the trustee of the MLC Trust.

9. Central States believes that the MLC Trust was settled by Cappy and that he and his family are the beneficiaries of the trust. So although MCRI and RINSP were legally owned by the MLC Trust at the time of the Transfer, Central States believes that both entities were, in reality, owned by and operated for the benefit of Cappy and his family. *See SCOFBP*, 668 F.3d at 873 (discussing Cappy's involvement in MCRI).

10. Central States alleges that the Transfer was fraudulent, and that a principal purpose of the transaction was to switch ownership of the Rock Island Property to prevent the Pension Fund from collecting on the MCRI judgment.

## ENTRY OF DEFAULT

11. On August 21, 2012, this Court entered a default against RINSP, and instructed Central States to file this motion for entry of a specific judgment. (Dkt. 54.)

## JUDGMENT REQUESTED

*A.  The Transfer Should be Voided and/or Disregarded as to Central States.*

12. Under Counts I and III of the Complaint, the primary relief that was sought was to void and/or disregard the Transfer as to Central States so that the judgment that was recorded against the Rock Island Property would be deemed valid and perfected as of October 25, 2010 (i.e., the date the judgment was recorded against the Rock Island Property).

13. Count I was brought under MPPAA, 29 U.S.C. § 1392(c), which provides as follows:

> If a principal purpose of any transaction is to evade or avoid liability under this part, this part shall be applied (and liability shall be determined and collected) without regard to such transaction.

29 U.S.C. § 1392(c). Under this provision, a plaintiff can reach those assets that were transferred in order to "evade or avoid liability," as well as the parties to whom they were improperly transferred. *Cent. States, Se. & Sw. Areas Pension Fund v. Johnson*, 991 F.2d 387, 392 n. 6 (7th Cir. 1993); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993); *Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Illinois Range, Inc.*, 186 F.R.D. 498, 502 (N.D. Ill. 1999).

14. A court can also void a transaction under 29 U.S.C. § 1392(c). *See Connors v. Vick*, No. 5:91-0289, 1992 WL 200853, *4 (S.D. W. Va. March 13, 1992) (holding that conveyance of ownership interests in two parcels were entered into in an effort to escape collection of withdrawal liability judgment and were thus "void transactions" pursuant to 29 U.S.C. § 1392(c)) (*Ex. B*).

15. Here, Central States alleged that the Transfer was entered into in an effort to prevent the Pension Fund from the collecting the withdrawal liability judgment against MCRI. Thus, Central States requests that the Court void and/or disregard the Transfer so that the judgment that was recorded against the Rock Island Property would be deemed valid and perfected as of October 25, 2010. *See Illinois Range*, 186 F.R.D. at 502 ("Section 1392 dictates that the transaction is disregarded, which means that [transferor] is deemed to be in possession of the assets transferred to [transferees]."); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Denny*, 250 F. Supp. 2d 948, 953 (N.D. Ill. 2003) (holding that under

29 U.S.C. § 1392(c), liability is determined "as if the transaction to evade or avoid liability never occurred.").

16. Voiding the Transfer as to Central States is also proper under Count III, which was brought under Illinois' UFTA. Under that statute, the Court is explicitly authorized to void any transfer to the extent necessary to satisfy Central States' claim. 740 ILCS 160/8(a)(1); *see also MacDonald v. Estate of Gayton*, 469 F.3d 1079, 1081 (7th Cir. 2006) (holding that if a transfer was fraudulent, the UFTA would "nullify the transfer" and the property would be treated "as though the fraudulent transfer had not occurred.").

**B.** *RINSP Should Be Ordered to Turnover All of the Rental Income From the Rock Island Property to Central States.*

17. Central States also seeks the recovery of all rent payments that were made or will be made to RINSP based on the rental of the Rock Island Property.

18. This relief is appropriate under MPPAA, 29 U.S.C. § 1392(c), because if the Transfer is deemed void and disregarded, all of the rent payments that RINSP has received or will receive from the rental of the Rock Island Property should be turned over to Central States.

**C.** *Central States Should Be Allowed to Levy Execution on the Rock Island Property.*

19. Under the UFTA, "if a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds." 740 ILCS 160/8(b).

20. Since the Pension Fund has obtained a judgment against MCRI, Central States requests that it be allowed to levy execution on the Rock Island Property.

### D. Central States Should Be Awarded Its Attorneys' Fees and Costs.

21. Under MPPAA, 29 U.S.C. § 1451(e), the Court is authorized to award all or a portion of the prevailing party's reasonable attorneys' fees and costs.

22. Central States has incurred attorneys' fees in the amount of $10,982.50 and costs in the amount of $495.63. (*Ex. C* - Affidavit of Charles H. Lee, ¶¶ 7-8.) Thus, Central States requests that it be awarded these amounts.

23. Attached hereto as *Exhibit D* is a proposed Judgment Order. The Order will also be submitted electronically to the Court's e-mail address for proposed orders.

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr., request entry of a judgment that provides for the following relief:

(a) That the Transfer to RINSP is deemed to be void and shall be disregarded for all purposes as to Central States;

(b) That the Pension Fund's judgment lien on the Rock Island Property is deemed valid and perfected as of October 25, 2010;

(c) That RINSP is ordered to turnover to Central States all the rental income that RINSP has received or will receive in connection with the rental of the Rock Island Property;

(d) That Central States is allowed to levy execution on the Rock Island Property; and

(e) That Central States is awarded attorneys' fees and costs in the amount of $11,478.13.

Respectfully submitted,

*/s/ Charles H. Lee*
Charles H. Lee (ARDC #06244633)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL 60018
(847) 518-9800, Ext. 3468
chlee@centralstates.org

September 4, 2012 *ATTORNEY FOR CENTRAL STATES*

# CERTIFICATE OF SERVICE

I, Charles H. Lee, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund, certify that on September 4, 2012, I electronically filed the foregoing *Plaintiffs' Motion for Entry of Judgment* with the Clerk of the Court using the ECF system. This filing was served on all parties indicated on the electronic filing receipt via the ECF system.

> */s/ Charles H. Lee*
> Charles H. Lee (ARDC #06244633)
> CENTRAL STATES FUNDS
> Law Department
> 9377 W. Higgins Road, 10th Floor
> Rosemont, IL 60018
> (847) 518-9800, Ext. 3468
> chlee@centralstates.org
>
> *ATTORNEY FOR CENTRAL STATES*